U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor,<br><br>Petitioner,<br><br>v.<br><br>ALJ HOME IMPROVEMENT, INC. and JOSE LEMA,<br><br>Respondents. | Case No. 7:23-cv-08478 |

## CONSENT ORDER AND INJUNCTION

This matter is before the Court pursuant to the provisions of section 13, 29 U.S.C. § 662, of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq*., ("the Act") and Rule 65 of the Federal Rules of Civil Procedure on the Acting Secretary's ("Petitioner") Petition to file Consent Injunction to Restrain Imminent Danger seeking to restrain and enjoin the Respondents, ALJ Home Improvement, Inc. and Jose Lema, from failing or refusing to take the steps necessary to avoid, correct or remove a condition or practice of imminent danger alleged to exist at places of employment maintained by Respondents located in the Southern District of New York and to prohibit the employment or presence of any individual in any locations or under conditions where such imminent danger exists as set forth in the petition filed herein.

The Petitioner and Respondents, by their respective counsel, do now consent to entry of this Consent Order and Injunction; now therefore, upon consideration of the record herein, and as agreed to by the Parties, the Court finds it has jurisdiction to enter this Consent Order and Injunction.

The Court, being fully advised in the premises, finds as follows:

1.      The following conditions or practices have existed at places of employment maintained by Respondents within the Southern District of New York, and certain of Respondents' practices present an imminent danger to employees which could reasonably be expected to cause death or serious physical harm:

> Employees of Respondents were repeatedly observed performing roofing work at heights at least 6 feet above the ground without any fall protection.

2.      These working conditions or practices constitute an imminent danger within the meaning of section 13(a) of the Act in that a danger exists which could reasonably be expected to cause death or serious physical harm immediately or before the imminence of such danger can be eliminated through the enforcement procedures otherwise provided by the Act.

Now, therefore, it is hereby **ORDERED** that:

1.      Respondent, its officers, agents, servants, and those persons in active concert or participation with them agree to take the following actions necessary to avoid, correct or remove the aforesaid imminent danger as follows:

   a. Respondents shall provide, and require that employees use, fall protection equipment when working from heights of 6 feet or greater in accordance with the Occupational Safety and Health Act and regulations issued thereunder.

   b. Respondents shall comply with all terms of paragraph 5 of the Parties' Stipulated Settlement Agreement filed in Docket Nos. 22-0052, 22-0053, 22-0054 of the United States Occupational Safety and Health Review Commission, attached hereto as Exhibit A.

2. Each party shall bear their own attorneys' fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

3. The Court shall maintain jurisdiction over this matter for the purposes of enforcing this Order of Consent Injunction.

4. Respondents shall communicate the fact of the entry of this Order and its contents to all individuals who may be affected thereby and shall prominently post copies of this Order in or near Respondent's places of employment wherein such imminent danger exists and in any other location where such posting will most effectively prevent from exposure any individual to such imminent danger.

The parties hereby consent to the entry of this agreed Order of Consent Injunction:

SEEMA NANDA
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

_____
Jose Lema, as President of ALJ
Home Improvement, Inc. and as an
individual.

_____
Robert Mellman
Counsel for Respondents

On behalf of Respondents ALJ Home
Improvement, Inc. and Jose Lema

_____
David J. Rutenberg
Senior Trial Attorney
Office of the Solicitor
U.S. Department of Labor

On behalf of Petitioner,
Acting Secretary of Labor

3

**SO ORDERED:**

Dated:   October 12  , 2023
  White Plains  , New York

_____
United States District Judge
Hon. Philip M. Halpern